# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ANTHONY RODRIGUEZ,**

      **Plaintiff,**

      vs.                                                       **Civ. No. 18-927 MV/JFR**

**ANDREW SAUL, Commissioner of
the Social Security Administration,**

      **Defendant.**

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ADOPTING THE AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on (1) Defendant's Opposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Motion"), filed on June 18, 2019 (Doc. 22); (2) the Magistrate Judge's Amended Proposed Findings and Recommended Disposition ("Amended PFRD") (Doc. 31), filed October 2, 2019; and (3) Defendant's Objections to Amended PFRD ("Objections") (Doc. 32), filed October 16, 2019.[1] The Court, having considered the pending Motion and Objections, the record, and the relevant law, finds that Defendant's Objections are not well-taken and will overrule them and adopt the Amended PFRD.

## I. Introduction[2]

On July 8, 2019, this Court issued an Order of Reference referring this case to United States Magistrate Judge John F. Robbenhaar for a recommended disposition. Doc. 24. The

---

[1] Plaintiff filed a Reply to the Commissioner's Objections on October 25, 2019. Doc. 33.

[2] The Magistrate Judge's Amended PFRD set forth the factual background and procedural history of this case, the standard of review, the applicable law and the sequential evaluation process. (Doc. 31 at 1-10.) The Court will not repeat this information here.

Magistrate Judge filed a PFRD pursuant to the Order of Reference on August 26, 2019. Doc. 28. Acting under the Court's inherent authority to reconsider its previous ruling, the Magistrate Judge filed an Amended PFRD on October 2, 2019. Doc. 31. Defendant timely filed Objections to the Amended PFRD on October 16, 2019 (Doc. 32), to which Plaintiff responded on October 25, 2019 (Doc. 33). Defendant's Motion, the Amended PFRD, and Defendant's Objections are now before the Court.

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d, 1057 1060 (10th Cir. 1996).

In applying for Title II disability benefits, Plaintiff alleged disability beginning April 2, 2009, because of chronic back pain, right knee and neck pain, and right-hand impairment. Tr. 213. This is the second time that Plaintiff has appealed the Administrative Law Judge's ("ALJ") determination before this Court. In the ALJ's partially favorable determination at issue here, the ALJ found that Plaintiff was disabled since November 26, 2013, but not disabled from his alleged onset date through November 26, 2013 ("the relevant period of time"). Tr. 671-87. The

parties do not dispute the ALJ's partially favorable finding.[3] Additionally, the parties agree that Plaintiff's case should be remanded to the Social Security Administration to determine whether Plaintiff was disabled during the relevant period of time. Doc. 22 and Doc. 23 at 1. The parties disagree, however, on whether the case should be remanded for additional administrative proceedings or whether the case should be remanded for an immediate award of benefits. Docs. 22, 23, 25.

In the Amended PFRD, the Magistrate Judge, pursuant to sentence four of 42 U.S.C. § 405(g), found that the ALJ's decision that Plaintiff was not disabled during the relevant period of time was not supported by substantial evidence and that the ALJ did not apply the correct legal standards in making her determination. Doc. 31 at 10-19. Concluding that additional administrative proceedings would not serve any useful purpose and would delay the appropriate determination and award of benefits, the Magistrate Judge recommended that the case be remanded for an immediate award of damages. *Id.* at 19-25. In support of this recommendation, the Magistrate Judge found that the evidence upon which the Commissioner relied in deciding that Plaintiff was not disabled during the relevant period of time was not supported by substantial evidence. *Id.* at 22-23. The Magistrate Judge further found that all of the treating and examining source opinion evidence during the relevant period of time supported a finding of disability. *Id.* at 23-25.

Defendant objects to the Magistrate Judge's findings and recommendation, arguing that: (1) the Magistrate Judge improperly reweighed the evidence and made findings of fact, which is a role that Congress delegated to the Commissioner; (2) the record does not support a finding of

---

[3] The Commissioner requested and the Amended PFRD recommended that the ALJ's partially favorable determination be affirmed. Doc. 22.

disability as a matter of law with respect to the time period between April 2009 and November 2013; and (3) the equitable considerations at issue in the cases on which Plaintiff has relied are inapposite because Plaintiff was found disabled beginning in November 2013 and has been eligible for benefits on an ongoing basis. Doc. 32 at 2-5. Defendant requests that the Court reject the Magistrate Judge's Amended PFRD and instead remand this matter for additional administrative proceedings. *Id.* at 5.

The Court has considered Defendant's Objections and the relevant law, and, based on a *de novo* review of the record, finds that the Objections are without merit, and will adopt the Magistrate Judge's Amended PFRD in whole.

## II. Analysis

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose [or] would merely delay the receipt of benefits.'" *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987)). When the Commissioner has failed to satisfy his burden of proof, and when there has been a long delay as a result of his erroneous disposition of the proceedings, remand for an immediate award of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step five, and the long delay that has already occurred as a result of the Secretary's erroneous disposition of the proceedings"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until he correctly applies the proper legal standard and

gathers evidence to support his conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (quoting *Thaete v. Shalala*, 826 F. Supp. 1250, 1252 (D. Colo. 1993)). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178, 184-85 (3d Cir. 1986).

### A. The Magistrate Judge Did Not Reweigh the Evidence

Defendant first argues that in recommending an immediate award of benefits on remand, the Magistrate Judge reweighed the evidence and made findings of fact, which are tasks that Congress delegated to the Commissioner. Doc. 32 at 2. Specifically, Defendant contends that the Magistrate Judge engaged in improper reweighing of the evidence to conclude that "when the treating physician opinion evidence is properly evaluated and weighed, there is no reasonable probability that Mr. Rodriguez would be denied benefits." *Id.* at 4. Defendant cites *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996), for the proposition that the Court should have declined to reweigh the evidence and instead allow the "agency to act in its congressionally-delegated role to weigh the conflicting evidence and make findings of fact."[4] *Id.* at 4.

---

[4] The *Miller* Court held that the ALJ used an incorrect legal framework and made other legal errors in finding that the claimant was not disabled and remanded so that the evidence could be reweighed within the correct legal framework. 99 F.3d at 976. Specifically, the Court held that the ALJ had: (1) improperly determined at step five that the evidence was insufficient to establish disability, as opposed to properly determining whether the evidence was sufficient to show that the claimant retained the RFC to do other work that exists in the national economy; (2) improperly rejected claimant's treating physician report; (3) failed to consider medical evidence of peripheral vision loss; (4) improperly speculated and substituted his opinion for that of claimant's doctor with respect to certain medications and their side effects; and (5) improperly relied on claimant's driving and employment as substantial evidence that claimant retained sufficient RFC to perform other forms of work. *Id.* at 976-78. The claimant in *Miller* did not ask for an immediate award of benefits nor did the Court address whether the evidence, when

Under Tenth Circuit law, a reviewing court should not reweigh evidence but rather should review the ALJ's decision for the sole purpose of determining whether the ALJ applied the correct legal standards and whether the ALJ's factual findings are supported by substantial evidence in the record. *Branum v. Barnhart,* 385 F.3d 1268, 1270 (10th Cir. 2004). *Id.* While it is not the reviewing court's job to reweigh the evidence, the reviewing court nonetheless has a duty to meticulously examine the record and make its determination on the record as a whole. *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983). Reweighing evidence occurs when the reviewing court chooses to substitute its judgment for that of the agency to reach a different conclusion where the ALJ applied the correct legal standards and the ALJ's determination was supported by substantial evidence. *See, e.g., Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (declining to reweigh evidence where claimant asked court to consider effects of her fibromyalgia in combination with her other impairments, but where record reflected that ALJ adequately considered claimant's impairments in combination); *White v. Barnhart*, 298 F.3d 903, 907-08 (10th Cir. 2001) (finding that had Court been factfinder it may have reached a different conclusion, but that ALJ had articulated adequate reasons for disregarding opinion evidence that were supported by substantial evidence, and to disregard ALJ's decision would be to reweigh evidence); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992) (finding that claimant's arguments that strength of evidence favored disability improperly asked court to reweigh evidence where ALJ's determination was supported by substantial evidence); *Lee v. Berryhill*, 669 F. App'x 589, 591-92 (10th Cir. 2017) (unpublished) (declining to reweigh evidence where claimant pointed to evidence demonstrating that she needed additional breaks to

---

properly evaluated on remand within the correct legal framework, would support a finding of disability.

attend to her insulin pump, but where substantial evidence supported ALJ's determination that normal breaks were adequate); *Garrison v. Colvin*, 564 F. App'x 374, 379 (10th Cir. 2014) (unpublished) (finding that claimant's arguments that ALJ failed to consider his lay witness testimony and overemphasized his activities of daily living asked court to reweigh evidence to claimant's benefit where ALJ had adequately considered lay-witness statements and had not presumptively indicated claimant's daily activities supported substantial gainful activity).

Here, the Magistrate Judge did not reweigh the evidence in recommending that Plaintiff's case be remanded. Rather, in reviewing the ALJ's determination pursuant to sentence four of 42 U.S.C. § 405(g), the Magistrate Judge specifically found that the ALJ failed to either apply the correct legal standards or provide legitimate reasons supported by substantial evidence for the weight she accorded to the medical source opinion evidence. Doc. 31 at 10-19. Defendant does not dispute this finding. Accordingly, this is not a situation where the Magistrate Judge improperly substituted his judgment for that of the agency to reach a different conclusion.

Further, having thoroughly examined the entirety of the record as he was required to do, the Magistrate Judge found that the ALJ erred in her evaluation of the medical source evidence. Specifically, the Magistrate Judge found that the treating and examining physician opinion evidence during the relevant time was, in fact, generally consistent,[5] and that claimant's treating

---

[5] The only doctor whose opinion can be said to conflict with the treating and examining source evidence during the relevant period of time is non-examining State agency medical consultant Karen Schnute, M.D., who assessed that claimant was capable of a full range of light work, and could frequently climb ramps and stairs, kneel, and crawl. Tr. 82-83. The Magistrate Judge, however, found that the ALJ had failed to apply the correct legal standards or provide sufficiently specific reasons for the weight that the ALJ accorded her opinion. Doc. 31 at 18-19. Defendant does not dispute this finding. The Magistrate Judge further found that Dr. Schnute had not considered or reviewed certain treating and examining source evidence and therefore had failed to consider all of the pertinent evidence when making her assessment. *Id. See* 20 C.F.R. § 404.1527(c)(3); *see also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (the opinion of an examining physician is generally entitled to less weight than that of a treating

7

physician's retrospective assessment was supported by substantial evidence.[6] Doc. 31 at 10-19, 23-24. The Court's review of the medical record evidence supports this finding.[7] Applying the proper legal standards and giving the examining opinion evidence the proper deference,[8] the Magistrate Judge determined that there was no reasonable probability that Plaintiff would be

---

physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all).

[6] On November 26, 2013, treating physician Christiane M. Sanburn, M.D. opined that as of November 2009, to a reasonable degree of medical probability, Plaintiff could, *inter alia*: sit for two hours without interruption for a total of four hours in an eight-hour workday; stand for one hour without interruption and for a total of one hour in an eight-hour workday; walk for less than one hour and for a total of one hour in an 8-hour workday; never climb stairs, ramps, ladders, or scaffolds; never balance, stoop, kneel, crouch, or crawl; and be absent from work one or two times a month as a result of his impairments. Tr. 630-31. The Magistrate Judge found that Dr. Sanburn's retrospective assessment was generally consistent with treating physician Dr. John Reid's opinion and treating physician Dr. Theresa Genovese-Elliott, M.D.'s opinion, and was also supported by examining physician Dr. Belyn Schwartz's June 25, 2009 opinion and examining Physical Therapist Gina Sandoval's November 12, 2009 functional capacity assessment. Doc. 31 at 24.

[7] On July 25, 2009, examining physician Belyn Schwartz, M.D. opined that Plaintiff would have difficulty engaging even at a sedentary level of work given his back and neck pain and that she did not anticipate that Plaintiff would be able to return to work. Tr. 628. On November 4, 2009, treating physician Dr. Reid opined that Plaintiff was limited to sedentary work only with no prolonged standing or walking and no bending, squatting, crawling, climbing, lifting, or carrying. Tr. 332. On November 12, 2009, examining physical therapist Gina Sandoval recommended that Mr. Rodriguez had the "physical capability to work at a sedentary-light physical demand level lifting up to 15# from floor to waist occasionally and at a sedentary physical demand level lifting 5# from floor to waist frequently." Tr. 229. She also recommended that Mr. Rodriguez not lift, stand, walk, bend, reach, sit, or perform hand coordination tasks at a constant level. *Id.* She further recommended that Mr. Rodriguez not "bend-reach or perform low level activities." *Id.* On February 1, 2013, treating physician Theresa Genovese-Elliott, M.D. opined that Plaintiff was capable of working in a sedentary capacity with no lifting greater than five pounds. Tr. 639. *See* fn. 6, *supra*.

[8] "Unless good cause is shown to the contrary, the Secretary must give substantial weight to the testimony of the claimant's treating physician." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Robinson*, 366 F.3d at 1084 (the opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all).

denied benefits on remand.[9] *Id.* at 23-24. In doing so, the Magistrate Judge did not reweigh the evidence, but rather correctly applied the relevant factors to determine whether the case should be remanded for an immediate award of benefits. *See Salazar,* 468 F.3d at 626 (exercising discretion and remanding for immediate award of benefits where ALJ failed to explain why he gave weight to certain medical opinions and disregarded others, and where reviewing court determined that no medical or psychological profession would be able to prepare a retrospective analysis of mental impairments or effect of claimant's drug and alcohol addiction, and that there was a lack of evidence that claimant would not be disabled in absence of drug and alcohol addiction); *Bibbs v. Apfel*, 3 F. App'x 759, 763 (10th Cir. 2001) (unpublished) (exercising discretion and remanding for immediate award of benefits where ALJ erred in rejecting functional limitations assessed by examining physician, and where reviewing court determined that functional limitations were supported by substantial evidence and VE could not identify a job that claimant could do with those restrictions); *Armer v. Apfel*, 216 F.3d 1086 (10th Cir. 2000) (unpublished) (exercising discretion and remanding for immediate award of benefits where ALJ erred in rejecting treating physician's opinion that claimant essentially had no capacity to sit, and where reviewing court determined that sitting limitation was supported by

---

[9] When the ALJ presented the VE with a hypothetical that incorporated claimant's treating physician Dr. Sanburn's functional limitations, the VE testified that there would be no jobs that Plaintiff could perform because "[t]he hypothetical doesn't reach the full range of sedentary with the total of six out of eight hours, and the absences would likewise eliminate competitive employment. So either of those two alone and certainly in combination would eliminate competitive employment." Tr. 722. *See Bibbs*, 3 F. App'x at 763 (remanding for an immediate award of benefits where ALJ improperly rejected examining physician opinion regarding restrictions that were supported by substantial evidence and where VE could not identify a job that claimant could perform with those restrictions); *see also Sisco*, 10 F.3d at 745-46 (having found that ALJ's decision that plaintiff was capable of performing full-time sedentary or light work was not supported by substantial evidence, and because sedentary work is lowest classification under statute, court held that there was no need for further proceedings and remanded for an award of benefits).

substantial evidence and determined that ALJ would be unable to sustain his step-five burden of identifying sedentary jobs that claimant could perform if case were remanded); *Bowman v. Apfel*, 221 F.3d 1351, at *2-4 (10th Cir. 2000) (unpublished) (exercising discretion and remanding for immediate award of benefits where ALJ, *inter alia,* did not apply correct legal standards in considering and assessing treating physician's opinion regarding severity of claimant's mental impairments, and where reviewing court determined that treating source's opinion should have been given substantial weight because it was consistent with other medical source evidence in record).

Lastly, although Defendant argues that the agency should be allowed to act in its role to "weigh the conflicting evidence," Defendant does not present any conflicting evidence in its Objections for the Court to consider.[10] Defendant's argument is unspecific, undeveloped, and unsupported, and accordingly it is waived. *See Tietjen v. Colvin*, 527 F. App'x 705, 709 (10th Cir. 2013) (finding that arguments raised in a perfunctory manner are waived) (citing *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002)).

For the foregoing reasons, the Court overrules the Commissioner's objection to the Amended PFRD on the basis that the Magistrate Judge improperly reweighed evidence and resolved conflicts in the record.

---

[10] The magistrate judge determined that the evidence Defendant presented in its Reply to support a finding of non-disability was not supported by substantial evidence. Doc. 31 at 22-23. Defendant did not dispute this finding.

### B. Remanding for an Award of Immediate Benefits Is Within the Court's Discretion

Defendant next argues that the "evidence must overwhelmingly demonstrate" disability in order for a reviewing court to exercise its discretion to award immediate benefits,[11] and that the Magistrate Judge never concluded that "overwhelming evidence supported a finding of disability as a matter of law." Doc. 32 at 3. Defendant also argues that the three cases cited by the Magistrate Judge in support of his determination are distinguishable from the instant case, because in two of those cases the Medical-Vocational Guidelines directed a finding of disability as a matter of law, and because the third case relied on vocational expert testimony that the claimant would not be able to perform any jobs in the national economy. *Id.*

Under Tenth Circuit precedent, whether to award benefits on remand is within the court's discretion. *Salazar*, 468 F.3d at 626 (citing *Ragland*, 992 F.2d at 1060). In making this determination, the court considers factors including the length of time that the matter has been pending and whether, "given the available evidence, remand for additional fact-finding would serve [any] useful purpose [or] would merely delay the receipt of benefits." *Id.* (citing *Sisco*, 10 F.3d at 746; and quoting *Harris*, 821 F.2d at 545). Tenth Circuit precedent thus does not support

---

[11] Defendant states that the Magistrate Judge indicated in his original PFRD that the "rare circumstances" supporting an immediate award of benefits would be when the "the evidence overwhelmingly demonstrates" disability, and states that at least one other division of this Court has used this same description. As an initial matter, the Magistrate Judge's original PFRD is not before the Court because it was supplanted by the Amended PFRD. Further, although the "other division" case Defendant cited indeed stated that because "the evidence of Plaintiff's significant functional limitations is overwhelming, the case will be remanded for an immediate award of benefits" (*Jaramillo v. Colvin*, 184 F. Supp. 3d 1086, 1092 (D.N.M. May 4, 2015)), the "division court" ultimately concluded that because, *inter alia*, the ALJ impermissibly ignored the opinions of claimant's treating providers and failed to explain why she rejected portions of the opinions of examining physicians, "no useful purpose would be served in requiring further administrative proceedings." *Id*. at 1096.

Defendant's argument that cases may only be remanded for an immediate award of benefits in the face of "overwhelming evidence" that supports a finding of disability "as a matter of law."

To be sure, in some cases, courts have remanded for an immediate award of benefits after determining that a claimant is disabled "as a matter of law." *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (holding that treating source opinion that claimant had severe physical and mental impairments, although rejected by Appeals Council, was supported by substantial evidence, and because claimant was also found to be illiterate, directing a finding of disability as a matter of law based on Medical-Vocational Guidelines); *Dollar v. Bowen*, 821 F2d 530, 533-36 (finding that ALJ erroneously rejected claimant's treating physician reports and improperly relied on a state agency medical consultant to find that claimant could perform a full range of light work, because Medical-Vocational Guidelines directed a finding of disability where claimant was also illiterate and Secretary had failed to come forward with substantial evidence of skill transferability).

In most cases, however, courts apply the relevant factors identified above in remanding for an immediate award of benefits. *See, e.g., Salazar,* 468 F.3d at 626 (remanding for immediate award of benefits where ALJ failed to explain weight given to certain opinions and disregarded others, and where Court found it difficult to imagine that any medical or psychological professional would be able to prepare a retrospective analysis of mental impairments or effect of drug and alcohol addiction and where there was a lack of evidence that claimant would not be disabled in absence of drug and alcohol addiction); *Ragland*, 992 F.2d at 1060 (remanding for immediate award of benefits where Secretary failed to satisfy burden of proof at step five and a long delay had already occurred as result of Secretary's erroneous disposition of proceedings); *Groberg v. Astrue*, 415 F. App'x 65, 73 (10th Cir. 2011)

(unpublished) (remanding for immediate award of benefits where it had been five years since claimant applied for benefits and where "[g]iven a proper analysis and evaluation of [claimant's] mental impairments, there [was] no reasonable probability that [claimant] would be denied benefits"); *Madron v. Astrue*, 311 F. App'x 170, 182 (10th Cir. 2009) (unpublished) (remanding for immediate award of benefits where reviewing court determined that ALJ erred in his credibility assessment and erred in finding that claimant could return to her past relevant work, and holding that once a proper RFC assessment was done and due consideration was given to claimant's back pain, there was no reasonable probability that claimant would be denied benefits); *Huffman v. Astrue*, 290 F. App'x 87, 89-90 (10th Cir 2008) (unpublished) (remanding for award of immediate benefits where ALJ's bare conclusion that claimant's impairments did not meet or equal a listing was beyond meaningful judicial review and where a lengthy delay had occurred from Commissioner's erroneous disposition of matter); *Bibbs v. Apfel*, 3 F. App'x 759 (10th Cir. 2001) (unpublished) (remanding for immediate award of benefits where ALJ improperly rejected examining physician opinion regarding restrictions that were supported by substantial evidence and where VE could not identify a job that claimant could perform with those restrictions); *Armer v. Apfel*, 216 F.3d 1086, at *4 (10th Cir. 2000) (remanding for immediate award of benefits where ALJ erred in rejecting claimant's treating source evidence regarding claimant's capacity for sitting and holding that ALJ would be unable to sustain his step-five burden of identifying sedentary jobs that claimant could perform if case were remanded); *Railey v. Apfel*, 134 F.3d 383 at *4 (10th Cir. 1998) (unpublished) (exercising discretion to remand for immediate award of benefits given claimant's advanced age, evidence of severe medically determinable impairments, and Commissioner's inability to produce an affirmable decision after four administrative hearings); *Pennington v. Chater*, 113 F.3d 1246, at

13

*5 (10th Cir. 1997) (unpublished) (remanding for an immediate award of benefits where ALJ's credibility determination was found to be insufficient and where VE testified that if claimant's testimony were credible he would not be able to work); *Harris v. R.R. Ret. Bd.*, 986 F.2d 1427, at *4 (10th Cir. 1992) (unpublished) (remanding for immediate award of benefits after concluding that if medical reports of treating physicians were given their proper weight, there was substantial objective evidence that claimant was disabled by pain, and where, based on ALJ's hypotheticals, only evidence presented through VE was that there were no jobs in national economy that claimant could perform).

Here, having found that the ALJ failed to apply the correct legal standards or provide legitimate reasons supported by substantial evidence for the weight that she accorded the medical source evidence, the Magistrate Judge concluded that, given the available evidence, further administrative proceedings would not serve any useful purpose but rather would delay the appropriate determination and award of benefits. This is a relevant factor for the reviewing court to consider when remanding for an immediate award of benefits. *Salazar,* 468 F.3d at 626. Moreover, the case law does not support Defendant's argument that the Magistrate Judge applied an improper legal standard when he recommended remanding this case for an immediate award of benefits.

For the foregoing reasons, the Court overrules Defendant's objection to the Amended PFRD on the basis that, in order to remand for an immediate award of benefits, the Magistrate Judge was required to find that "overwhelming evidence" supported a finding of disability "as a matter of law."

### C. Equitable Considerations

Lastly, Defendant objects to the Magistrate Judge's findings on the basis that the equitable considerations at issue in this case are unlike "the multiple cases that Plaintiff relies on" and is distinguishable from the case that the "Magistrate Judge relies on in support of suggesting that equities favor Plaintiff." Doc. 32 at 4-5. Defendant argues that the equitable considerations in this case favor remand for additional administrative proceedings because Plaintiff has already received a partially favorable determination and remains entitled to those benefits, and because the issue here involves a closed time period where the "possibilities [for relief] are [not] endless upon remand." *Id.*

As noted above, the decision to award benefits on remand is within the court's discretion. *Salazar*, 468 F.3d at 626 (citing *Ragland*, 992 F.2d at 1060). One of the relevant factors the Court may consider is the length of time that the matter has been pending. *Id.* This case has been pending since 2012 and has been through two administrative hearings and two ALJ decisions. Accordingly, the length of time that the matter has been pending weighs in favor of awarding benefits. Nonetheless, the ultimate basis for the Magistrate Judge's recommendation was that, given the available evidence, further administrative proceedings would not serve any useful purpose but rather would delay the appropriate determination and award of benefits. Thus, contrary to Defendant's argument, the Magistrate Judge did not *rely* on *Sisco* "in support of suggesting that the equities favor Plaintiff."[12] Doc. 32 at 5; *see* Doc. 31 at 25. Nor did

---

[12] In setting out the applicable legal standards for remanding for an immediate award of benefits, the Magistrate Judge cited *Sisco* for the legal principle that the Commissioner "is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion." *Id.* at 746. The Magistrate Judge did not equally cite *Sisco* in his analysis of the instant case.

15

Plaintiff rely on "multiple cases" to support remanding his case for an immediate award of benefits based on equitable considerations.[13] Doc. 32 at 5.

Setting aside Defendant's unsupported representations and considering Defendant's argument, the Court is not persuaded that equitable considerations favor remand for additional administrative proceedings simply because the two cases that Plaintiff cited are distinguishable in certain respects from this case. More importantly, the Court is not persuaded that the equitable considerations that Defendant raises favor remand for additional administrative proceedings where the record supports a finding of disability for the relevant period of time. *Salazar*, 468 F.3d at 626; *see also Strauss v. Comm'r of Soc. Sec'y*, 635 F.3d 1135, 1138 (9th Cir. 2011) (explaining that required analysis for remand for an immediate award of benefits centers on what record evidence shows about existence of a disability and not on how egregious ALJ's errors may be); *Bowman*, 221 F.3d 1351, at *2-4 (exercising discretion and remanding for immediate award of benefits for closed period of time from claimant's alleged onset date through date claimant was awarded benefits following a second application where ALJ, *inter alia,* did not apply correct legal standards in considering and assessing treating physician's opinion regarding severity of claimant's mental impairments during relevant period of time, and where reviewing

---

[13] In Plaintiff's Response to Defendant's Motion to Remand, he cites to one district court case where a remand for immediate award of benefits was ordered. Plaintiff cited *Quezada v. Berryhill*, Case No. 17-1163 LF (D.N.M. March 28, 2019). Doc. 23 at 2-3. Plaintiff explained that the magistrate judge remanded for an immediate award of benefits in that case where the case had been pending for over ten years, there had been three administrative hearings, the administrative record was complete as to the time period, and the ALJ assessed that claimant was capable of only a limited form of sedentary work, and had an additional limitation of illiteracy. *Id.* Plaintiff later filed a Notice of Relevant Case Citation and cited *Serafin v. Berryhill*, 2019 WL 3843051 (D.N.M. Aug. 15, 2019). In *Serafin,* the magistrate judge remanded for an immediate award of benefits where the case had been pending for over ten years, there had been three administrative hearings, and the ALJ had failed to apply the correct legal standard in evaluating certain opinion evidence even after the case had been previously remanded for precisely that reason. *Id.* at *9.

court determined that treating source's opinion should have been given substantial weight because it was consistent with other medical source evidence in record).

For the foregoing reasons, the Court overrules Defendant's objection to the Amended PFRD on the basis that the equitable considerations favor remanding this case for additional administrative proceedings.

### III. Conclusion

For the foregoing reasons, and for the additional reasons stated in the Amended PFRD, the Court finds that Defendant's Objections are without merit, and that the Amended PFRD should be adopted in whole.

**IT IS THEREFORE ORDERED** as follows: Defendant's Objections to Magistrate Judge's Amended PFRD (Doc. 32) are **OVERRULED**; and the Magistrate Judge's Amended PFRD (Doc. 31) is **ADOPTED.**

**IT IS SO ORDERED.**

**MARTHA VAZQUEZ**
**United States District Judge**